442 So.2d 282 (1983)
Roy C. SCARFONE, Appellant,
v.
Adrian S. MARIN and United States Fidelity and Guaranty Company, Appellees.
No. 82-2349.
District Court of Appeal of Florida, Second District.
November 23, 1983.
Rehearing Denied December 21, 1983.
Margot Pequignot of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellant.
Stephen C. Chumbris of Greene, Mann, Rowe, Stanton, Mastry & Burton, St. Petersburg, for appellees.
SCHOONOVER, Judge.
The appellant, Roy C. Scarfone, has appealed from a summary judgment entered against him on the ground that the applicable statute of limitations barred his claim against the appellees. We reverse.
*283 On February 11, 1981, the appellant recorded a claim of lien against the real property of the appellee, Adrian S. Marin. The claim was based upon services rendered by appellant in the remodeling of Marin's home. On October 29, 1981, the lien was transferred to a surety bond posted by the appellee United States Fidelity & Guaranty Company (USF & G) in accordance with section 713.24(1), Florida Statutes (1981).
On November 24, 1981, the appellant filed an action to foreclose his mechanic's lien against Marin. Before a responsive pleading was filed, the appellant filed an amended complaint pursuant to Florida Rule of Civil Procedure 1.190(a). This complaint added USF & G as a party defendant and stated therein that it was an action for damages.
On March 4, 1982, after the trial court had granted the appellees' motion to dismiss the amended complaint for failure to state a cause of action, the appellant filed his second amended complaint which alleged that it was an action to foreclose a mechanics' lien. This complaint, as well as the previous complaints, attached a copy of the appellant's claim of lien and the transfer bond, and sought a judgment for damages against the owner Marin and the surety USF & G.
The appellees' answer and affirmative defenses included an allegation that the second amended complaint was filed more than one year after the recording of appellant's claim of lien, and therefore, the action was barred by section 713.22(1), Florida Statutes (1981). The appellees' motion for summary judgment based upon this allegation was granted, and this timely appeal followed.
Since the second amended complaint states a claim which arose out of the same conduct, transaction, or occurrence as set forth in the amended complaint, it relates back to the date of the amended complaint pursuant to Florida Rule of Civil Procedure 1.190(c), and accordingly the trial court erred in granting the summary judgment.
Both the amended complaint, which was filed less than one year after the appellant's claim of lien was recorded, and the second amended complaint, contain substantially the same factual allegations and are based upon the same specific conduct, transaction, or occurrence between the parties. Each of these complaints include a copy of the appellant's claim of lien and the transfer bond. Both complaints seek a judgment against the appellees as owner and surety, and the liability of the surety is based entirely upon the transfer of the lien from the property to its bond.
The only significant allegation included in the second amended complaint, which is not specifically alleged in the amended complaint, is that the action is to foreclose a mechanic's lien. The nature and character of a pleading must be determined, not by its title, but by its contents and by the actual issues in dispute. Circle Finance Co. v. Peacock, 399 So.2d 81 (Fla. 1st DCA 1981).
As we stated in the case of Keel v. Brown, 162 So.2d 321 (Fla. 2d DCA 1964), at page 323:
[T]he proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original (for in the strict sense almost any amendment may be said to be a change of the original cause of action), but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back  even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought.
In the case sub judice, the appellant alleged in his amended complaint that the appellees, as owner and surety, were indebted to him as a result of certain specific conduct between the parties. The appellant's *284 second amended complaint alleged substantially the same conduct. Therefore, Florida Rule of Civil Procedure 1.190(c) had the effect of causing the second amended complaint to relate back to the date of the amended complaint and the court accordingly erred in sustaining the appellees' defense of the statute of limitations.
The appellees' reliance on the case of Regal Wood Products, Inc. v. First Wisconsin National Bank, 347 So.2d 643 (Fla. 4th DCA 1977), is misplaced. In that case the subcontractor involved never filed any type of action against the owner of the property subject to the original lien. Accordingly, his claim of lien had expired before he attempted to sue the general contractor and its surety on a transfer bond.
Since the appellees were awarded attorneys' fees as prevailing parties in a mechanic's lien action, this award must be reversed without prejudice to the trial court awarding attorneys' fees pursuant to section 713.29, Florida Statutes (1981), at the conclusion of the trial.
Reversed and remanded for proceedings consistent herewith.
HOBSON, A.C.J., and GRIMES, J., concur.