457 So.2d 1137 (1984)
Richard MARKS, Appellant,
v.
Mary MARKS, Appellee.
No. AV-249.
District Court of Appeal of Florida, First District.
October 18, 1984.
*1138 Clayton W. Crevasse and Douglas F. Miller, of Taylor & Van Matre, Pensacola, for appellant.
Mary M. Marks, pro se.
BARFIELD, Judge.
Richard Marks appeals that portion of an order of contempt that requires him to pay certain mortgage payments or be imprisoned. The final judgment of dissolution of marriage provides in part:
The parties agree to sell the marital home of the parties located at 4740 Anchor Lane, Pensacola, Florida, by listing it with Reed-Reed Realtors, and they shall equally divided the proceeds of the said sale. The respondent shall be responsible for the mortgage payments on the said marital home from the date of the foregoing judgment until such time the said marital home is sold, and the respondent shall receive credit for these mortgage payments by recovering from the net sale proceeds a percentage of the net sale proceeds based on the number of mortgage payments he paid after the divorce as compared to the number of mortgage payments paid during the time the parties were married.
All terms of the judgment were the result of a stipulation between the parties. Alimony and child support were provided in other parts of the judgment unrelated to the quoted provisions concerning property. The appellant has not challenged the contempt order as it relates to child support, alimony, attorney fees and costs.
The above quoted provision of the final judgment is solely in the nature of a property settlement and is not enforceable by contempt. Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983); Schminkey v. Schminkey, 400 So.2d 121 (Fla. 4th DCA 1981); Carlin v. Carlin, 310 So.2d 403 (Fla. 4th DCA 1975); Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974).
REVERSED.
WIGGINTON, J., concurs.
JOANOS, J., concurs specially with opinion.
JOANOS, Judge, specially concurring.
I concur in the result reached by the majority because the cases cited dictate that result. However, I wish to note my uneasy feeling in reversing the trial judge on what appears to have been a most reasonable decision on his part. Further, I wish to point out my concern with the case law that has developed that treats "provisions concerning property" in a dissolution judgment as being unrelated to provisions for child support and alimony. To limit the trial judge's ability to protect the needs of the former spouse and children in this fashion seems to seriously hamper that judge's ability to do justice. A parent and children receiving what has been labeled as alimony and child support are still going to be in a bad way if the home payments are not made.