462 So.2d 122 (1985)
Esther R. COX, Appellant,
v.
Jack A. COX, Appellee.
Nos. 84-862, 84-2221.
District Court of Appeal of Florida, Second District.
January 18, 1985.
Bertha P. Sanchez of Villanti & Sanchez, New Port Richey, for appellant.
William R. Webb, New Port Richey, for appellee.
DANAHY, Judge.
In these consolidated appeals, the wife challenges orders dismissing her motion for contempt and her petition for modification of the final judgment of dissolution of marriage. We reverse.
The marriage of the parties was dissolved by a final judgment entered on September 29, 1981. That judgment approved and incorporated an agreement of the parties entitled "Property Settlement Agreement" and retained jurisdiction for the enforcement of executory provisions. Paragraph 13 of the agreement provided as follows:
The Husband shall pay the Second Mortgage on the Wife's house ..., as lump sum alimony, as they become due, and the Wife shall be held harmless by the Husband for any liability associated with the Second Mortgage owed to Southeast Bank of Pasco with the approximate balance due of $19,921.60.
*123 The husband made payments pursuant to paragraph 13 until September of 1983. On September 26, 1983, the wife obtained an agreement from the Southeast Bank of Pasco to accept a certificate of deposit from the wife as collateral in lieu of the second mortgage, so as to assist the wife in selling the property. Subsequently, the wife did sell the property. Apparently, it was these events which caused the husband to stop making the mortgage payments.
Because of the husband's refusal to make any further payments, the wife filed a motion for contempt seeking enforcement of paragraph 13. She also filed a motion to modify the terms of the final judgment so as to direct the husband to make the paragraph 13 payments directly to the wife. The trial judge ruled that as a matter of law the obligation of the husband under paragraph 13 did not constitute alimony, but rather represented a monetary inducement to the property settlement agreement. Accordingly, the trial judge granted the husband's motion to dismiss the wife's motion for contempt and the motion was dismissed. By separate order, the trial judge dismissed the petition for modification on the same grounds.
We find nothing in the record establishing that the payments required in paragraph 13 were anything other than what they were labeled  lump sum alimony. Therefore, contempt is an appropriate means for enforcing the provisions of the paragraph. Witter v. Witter, 443 So.2d 417 (Fla. 2d DCA 1984); Masters v. Masters, 443 So.2d 388 (Fla. 2d DCA 1983); Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978). Payments may be a proper form of alimony even though they are to be made to a third party. Stith v. Stith, 384 So.2d 317 (Fla. 2d DCA 1980).
Accordingly, we reverse both orders under review and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
RYDER, C.J., and CAMPBELL, J., concur.