DANAHY, Judge.
Five months after the dissolution of this short-term marriage, the former wife sought to have her former husband held in contempt for his failure to make payments of a debt on which she was obligated to a third party. The trial judge did not hold him in contempt, but instead ordered him to make the past due payments “as alimony.” We reverse.
The final judgment incorporating the agreement recites in pertinent part:
(d) That Respondent, RONALD T. CREA, assumes and agrees to pay in full the balance of the original loan of $4,000.00 at Southeast Bank and hold Petitioner harmless thereon.

(f) That Petitioner, BARBARA J. CREA, waives alimony now and in the future from Respondent, RONALD T. CREA.
We find that these provisions are part of an overall settlement of property rights and adjustment of financial matters and therefore constitute part of a genuine property settlement agreement. Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978). Paragraph (d) is in no way connected with the former husband’s duty to provide alimony to the former wife. She had bargained away that right in paragraph (f), and the trial judge cannot resurrect it later by labeling the payments as “alimony.” Indeed, paragraph (d) has little effect other than to memorialize the fact that the parties were clearly bargaining for the exchange of valuable property rights and to further insure that the debt was to be considered the sole obligation of the husband after the dissolution.
We distinguish this case from Cox v. Cox, 462 So.2d 122 (Fla. 2d DCA 1985), where similar payments were specifically agreed to be, and were adjudicated as, payments of alimony. Accordingly, we hold that the equitable remedy of contempt to enforce the payments is not available here. Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984); Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983). The former wife, of course, has her remedy at law.
REVERSED.
GRIMES, A.C.J., and SCHOONOVER, J., concur.