518 So.2d 439 (1988)
Virgil K. HOBBS, Appellant,
v.
Clara Jeanette HOBBS, Appellee.
No. BR-448.
District Court of Appeal of Florida, First District.
January 12, 1988.
Larry A. Bodiford, Hutto, Nabors & Bodiford, Panama City, for appellant.
*440 Jeffrey P. Whitton, Panama City, for appellee.
ERVIN, Judge.
The husband/appellant appeals an order modifying a final judgment of dissolution of marriage. We affirm as to all issues raised by the husband except for that portion of the order of modification finding the husband in contempt for failing to pay a debt that the husband was obligated to pay under the terms of the final judgment.
The husband first objects to that part of the order requiring him to convey to the wife a second lot located at the site of the marital residence. He relies upon "the well-established rule in this state that ... [once] property rights in a dissolution of marriage action are absolutely fixed and vested at the time of entry of the final judgment of dissolution, the trial court cannot thereafter modify those rights." Mandy v. Williams, 492 So.2d 759, 760 (Fla. 4th DCA 1986) (citations omitted). See also Davis v. Dieujuste, 496 So.2d 806, 809-10 (Fla. 1986), holding that "a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations." (e.s.)
The above rule does not, however, apply to the instant case, in that the court below did not direct an additional allocation of marital property following the entry of the divorce decree. Rather, what the trial court did was clarify what was meant by the property described in both the final decree and the property settlement agreement as the marital home. The final judgment, in relying on the parties' description of the marital home, did not refer to it by its legal description, but instead designated it by the parties' mailing address.[1] Although the marital residence is located entirely on one lot, the husband and wife owned two adjacent lots at the site, both of which were enclosed by a common fence containing a single yard, a shed on the second lot, a driveway through the middle of the two lots, and a well and water pump on the second lot providing water to the house.
The order of modification found that "[t]he parties negotiated and entered into an agreement to dispose of all their property, and ... there was no distinction drawn by the parties to the fact that there were two (2) separate lots which adjoined each other at Route A, Waverly Street... ." The above finding was supported by evidence, later recited in the order, that the "Husband [had] provided the Wife with the legal description concerning only the real property on which the home sat and the Husband at no time made the Wife aware of the separate lots during the negotiations." The court then directed the husband to convey the second lot to the wife, in order to carry out the original intention of the parties regarding a division of their properties at the time of the original judgment. As such, the court's order did not cause a redistribution of the marital property.
Grooms v. Grooms, 510 So.2d 1215 (Fla. 5th DCA 1987), relied upon by the husband, is inapposite. In Grooms, an order of a trial court was reversed that had ordered the husband to convey additional lands to the wife, in an action on the wife's motion to enforce the final divorce judgment. The Fifth District held that the original judgment was clear and unambiguous on its face and that the trial court had erred in allowing parol evidence regarding the intent of the parties. Unlike the questioned language in Grooms, the language used in the final judgment below is not clear and unambiguous on its face; accordingly the lower court was correct in allowing parol evidence for the purpose of divining the parties' intent in distributing their property as reflected in the settlement agreement, *441 the terms of which were included within the final judgment.
The husband also appeals that part of the trial court's order of modification finding appellant in contempt for failure to comply with the final judgment directing him to pay off a note and mortgage encumbering the marital property in the sum of $30,000, an amount that had been used to dispose of the husband's attorney's fees and costs in an unrelated criminal case. We agree with the husband that he cannot be imprisoned for failure to pay a third party a joint debt incurred by the husband and wife. The instant case is similar to Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984), wherein this court reversed a finding of contempt entered against a husband who had refused to obey a provision of the final judgment ordering him to make mortgage payments pending the sale of the marital home. The court in Marks concluded that the provision regarding the mortgage payments was "solely in the nature of a property settlement and is not enforceable by contempt." Id. at 1138 (citations omitted). See also Crea v. Willick, 473 So.2d 25 (Fla. 2d DCA 1985); Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983); Schminkey v. Schminkey, 400 So.2d 121 (Fla. 4th DCA 1981).
In contrast, if the debt owed by the husband in the case at bar can fairly be characterized as unpaid lump sum alimony, directed to be paid in a final judgment of dissolution, contempt can then be appropriately utilized to enforce the judgment. See Cox v. Cox, 462 So.2d 122 (Fla. 2d DCA 1985). The $30,000-debt of the husband was not, however, labeled as lump sum alimony in the judgment, and the wife explicitly waived her right to any alimony. As in Marks, we consider that the parties' agreements were part of an overall settlement of their property rights as well as an adjustment of their financial matters. If the wife had wished the marital home conveyed to her as lump sum alimony, presumably she could have had it designated as such. Under the circumstances at bar, the trial court erred in enforcing payment of the debt via its contempt powers by labeling the debt a "family support obligation".
The husband next argues that he is not obligated to pay the $30,000-debt because the wife refinanced the debt jointly owed by the husband and wife at the time of the dissolution, without obtaining the signature of the husband. We regard this argument as frivolous. The record discloses that the wife refinanced the debt in order to prevent foreclosure of the marital home after the husband had refused to pay the mortgage that he was obligated to pay pursuant to the terms of the final judgment. The trial court correctly concluded that the refinancing of the debt by the wife did not constitute a novation releasing the husband from his obligation.
Finally, the husband objects to what he claims is an award of attorney's fees to the wife pursuant to the order of modification. This issue is, however, premature as the order regarding attorney's fees is non-final and non-appealable. The trial court did not award attorney's fees, but instead reserved "jurisdiction to enforce the terms of the Agreement and this Judgment and award attorney's fees and costs... ." In the decretal portion of the order the court stated it "retains jurisdiction to determine the amount of the award of attorney's fees and costs to the Wife." As jurisdiction was merely reserved for the award of attorney's fees, appeal of that portion of the order is premature. See Sunny Pines Convalescent Center v. Walters, 422 So.2d 1079 (Fla. 1st DCA 1982).
AFFIRMED in part, REVERSED in part and REMANDED for consistent proceedings.
JOANOS and BARFIELD, JJ., concur.
NOTES
[1] The language used in the judgment describing the marital home is as follows:

The wife shall have as her sole and exclusive property, free and independent of any claim and/or interest and/or demand of the husband, the marital home located at Route A, Waverly Street, Youngstown, Florida.