ERVIN, Judge.
The former wife appeals from an order entered in a post-marital dissolution judgment proceeding, denying her motion to enforce a portion of the final judgment that had directed the husband to hold the wife harmless and be solely responsible for the indebtedness secured by a second mortgage on the marital home that was jointly owed by the wife and husband to the husband’s mother. We agree with the wife that the lower court erred in denying the motion, and reverse and remand.
Approximately three months following the judgment of dissolution, the wife sold the marital home that had been awarded to her as lump sum alimony, paid off the balance remaining on the second mortgage from the proceeds received from the sale, and then brought an action to enforce the final judgment, because the husband had defaulted in making any payments of principal and interest owed on the second mortgage to his mother, as required by the judgment. The husband defends the order denying the motion to enforce, arguing that because the judgment awarded the wife the marital home and absolved her from any further liability on the second mortgage encumbering the marital home, once the wife satisfied the second mortgage by paying the amount in full to the husband’s mother, the trial court lacked jurisdiction to enforce the terms of the judgment, because to do so would result in an alteration of the property rights of the parties which vested at the time of the final judgment. Although it is true that a lump sum alimony award is not subject to modification, see Urbanek v. Urbanek, 484 So.2d 597 (Fla. 4th DCA), cause dismissed, 491 So.2d 281 (Fla.1986); Philipose v. Philipose, 431 So.2d 698 (Fla. 2d DCA 1983); *94 nevertheless the manner in which the award is to be paid is not a vested property right, free from modification. See Philipose v. Philipose.
This court was recently confronted with a similar issue in Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988), where we rejected an argument that the husband was not obligated to repay the wife a $30,000-debt which the wife had refinanced in order to avoid foreclosure of the marital home that had been awarded the wife. There the husband had contended that the wife’s refinancing of the debt constituted a novation releasing the husband from his obligation to the wife. We rejected this argument as frivolous, observing that the debt was part of the overall equitable distribution of the parties’ property and, while the husband’s obligation could not be enforced via the court’s contempt powers, the indebtedness nonetheless remained an outstanding obligation of the husband that was otherwise subject to enforcement.
In the present case, the wife’s satisfaction of the mortgage in no way altered the requirement stated in the final judgment that the husband hold the wife harmless from liability on the mortgage. Although the husband’s obligation to his mother on the mortgage was extinguished by his wife’s payment, his obligation to his wife remained. The only change caused by the wife’s satisfaction of the mortgage was in the manner the husband would be required to repay the indebtedness. Moreover, because the award at issue was designated by the lower court as lump sum alimony and not, as in Hobbs, a marital asset awarded to the wife as part of the equitable distribution, the lower court has the option, in an exercise of its discretion, to enforce payment of the debt pursuant to its contempt powers. See Cox v. Cox, 462 So.2d 122 (Fla. 2d DCA 1985).
The order denying the motion to enforce the terms of the final judgment of dissolution requiring the husband to pay and hold the wife harmless from all liability on the second mortgage owed to his mother is reversed, and the cause is remanded for further consistent proceedings.
BOOTH and WENTWORTH, JJ., concur.