DOWNEY, Judge.
This is an appeal from a non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), which provides for review of non-final orders that determine the right to immediate possession of property.
The suit commenced with the filing of a complaint by appellee, First Valley Bank, against Fred H. Warrington and members of his family, Shelter-All of Eastern Pa., Inc., and Alan Restaurants, Inc., a Pennsylvania corporation. The amended complaint alleged that Warrington was the sole stockholder in Shelter-All and the primary stockholder in Alan Restaurants, and that said corporations were being used to defraud First Valley Bank, a judgment creditor of Warrington, in that, after the bank obtained its judgment, Warrington conveyed all of his corporate stock in said *987 corporations to his wife and children and Shelter-All was paying a large salary to his wife. It was also alleged that neither corporation was doing any active business other than collecting periodic installment payments on debts owed to them. The complaint alleged that the conveyances of the stock to Warrington’s family and the payment of a salary to his wife were without consideration and for the specific purpose of avoiding the bank’s judgment. Finally, it was alleged that Warrington did not appear to have any other significant assets susceptible to levy and execution. Therefore, the complaint prayed for an injunction preventing the payment of corporate funds to the Warrington family, a declaration that the conveyance of the corporate stock was fraudulent, and for the appointment of a receiver, among other things.
First Valley Bank filed a motion to appoint a receiver for the aforesaid corporations so as to preclude further payments by the corporations to the Warrington family members pending this proceeding. The motion was granted and a receiver appointed. That order is the subject of this appeal.
The foregoing factual scenario presents the question of whether a judgment creditor of an erstwhile stockholder in a corporation has standing to request the appointment of a receiver for the corporation while the judgment creditor attempts to have the transfer of the ex-stockholder’s stock to his family declared a fraudulent conveyance.
The rules controlling the appointment of a receiver are set forth in Apalachicola Northern Railroad v. Sommers, 79 Fla. 816, 85 So. 361, 362 (1920), quoting Lehman v. Trust Co. of America, 57 Fla. 473, 49 So. 502, 503 (1909), wherein the court said:
“(1) That the power of appointment is a delicate one, and to be exercised with great circumspection.
“(2) That it must appear the claimant has a title to or lien upon the property, and the court must be satisfied by affidavit that a receiver is necessary to preserve the property.
“(3) That there is no case in which the court appoints a receiver merely because the measure can do no harm.
“(4) That fraud or imminent danger, if the immediate possession should not be taken by the court, must be clearly proved.
Thus, it is clear that the appointment of a receiver is a matter of some consequence and available only in necessitous situations to persons who have standing. Standing comes about generally by virtue of a legal or equitable claim, such as a claim of ownership of the property in controversy, or a lien or property right therein, or a claim to a general fund out of which the claim is to be satisfied. 44 Fla.Jur.2d Receivers § 4 (1984).
In the present case First Valley Bank does not have standing to seek the appointment of a receiver because it is too far removed from a real interest in the corporations involved. Were the bank a stockholder or a judgment creditor of the corporations, it might have standing to seek the appointment of a receiver. However, the bank is simply a judgment creditor of a debtor who once owned stock in the corporations. If, in fact, fraudulent conveyances of the stock occurred, the remedy of setting aside those conveyances, and then levying against the stock determined to be owned by Fred Warrington, was available to First Valley Bank. However, it was an abuse of the trial court’s discretion to appoint a receiver for the corporations (pending the outcome of the suit to set aside the conveyances) where the pleadings and proofs did not present a sufficient predicate. It was not shown that First Valley Bank had title to or a lien upon the property and clear proof of fraud was lacking.
Accordingly, the order granting the appointment of a receiver is reversed and the cause is remanded for further proceedings.
LETTS, J., concurs.
ANSTEAD, J., dissents with opinion.