COBB, Judge,
dissenting.
This is the second appearance of this case before this court. In Grooms v. Grooms, 510 So.2d 1215 (Fla. 5th DCA 1987), we were called upon to interpret a property settlement agreement negotiated during a dissolution action between these same parties, Lester and Shirley Grooms. They owned a portion of a mobile home subdivision named Northgate, including Lot 8 in Block 1 of that subdivision on which was located a mobile home (the marital residence) and certain additions including a driveway, carport, screen porch, and metal garage. Under the agreement the wife received the lot and mobile home and the husband retained the adjoining land.
Subsequent to the conveyance, a survey revealed the metal garage on Lot 8 encroached some 3.75 feet onto the adjoining *610 property owned by the husband. In 1985 the wife sought enforcement of the final judgment which required, through incorporation of the property settlement agreement, Lester Grooms to transfer to Shirley Grooms all of his interest in the marital residence. Pursuant to a hearing, the trial court ordered Lester to convey a strip of land 23.75 feet wide in order to protect Shirley Grooms in regard to the encroachment and the side setback requirements of the county. We reversed on the basis that there was no evidence that the county had asserted any claim that interfered with Shirley Grooms’s use and enjoyment of the property and that under the unambiguous terms of the agreement Lester Grooms was obligated only to convey Lot 8 to Shirley, and he had done so.
Thereafter, Shirley Grooms sought reformation of the agreement based upon mutual mistake of fact, contending that the parties intended that she was to have all the land upon which the improvements were located (which would include the additional 3.75 feet). There was ample testimony from both parties in the record below to support this contention. Nevertheless, the trial court felt bound by our prior opinion, and perhaps understandably so, to deny reformation.
Assuming our prior opinion was correct —ie., the agreement as worded did not require conveyance of the additional 3.75 feet — then Shirley Grooms originally pursued an improper remedy (specific enforcement) rather than the proper one (reformation). An action at law on a contract, which ultimately is unsuccessful because the contract os written does not support the plaintiffs cause of action, does not preclude that plaintiff from thereafter seeking reformation of the contract involved. Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189 (1912). See also, 9 Fla.Jur.2d, Cancellation, § 77 at 71-72.
I would reverse and remand to grant reformation and award the former wife, Shirley Grooms, the additional 3.75 feet, which the parties clearly intended to be hers as part of the marital residence referred to in the original agreement.