632 So.2d 1119 (1994)
Kenneth Scott WORK, Appellant,
v.
Patsy B. PROVINE, F/K/a Patsy B. Work, Appellee.
No. 92-2308.
District Court of Appeal of Florida, First District.
March 7, 1994.
*1120 Walter A. Steigleman, Fort Walton Beach, for appellant.
Bobby L. Whitney of Chesser, Wingard, Barr, Whitney, Flowers & Fleet, P.A., Shalimar, for appellee.
PER CURIAM.
Appellant, the former husband, challenges an order entered on his former wife's petition for modification of a final judgment of dissolution. We affirm.
The parties to the instant appeal were divorced in July 1985. The judgment of dissolution incorporated an agreement of the parties. This agreement, styled "Property Settlement Agreement," contains comprehensive provisions covering child custody and support, use of the marital residence by the wife, and other property and financial matters, including distribution of marital assets. Among other things, the agreement contains a provision by which both parties waived alimony.
At issue in this proceeding is a provision for the equal division of payments receivable on a $27,500 promissory note (paragraph 11 of the agreement),[1] and another provision for the equal division of proceeds of the sale of an interest in real property valued in the agreement at $8,000 (paragraph 9).[2] The former husband concedes that the former wife was not paid in accordance with these two provisions. The former husband maintains that the promissory note was never collected and is, practically speaking, uncollectible.[3] The former husband further claims that the real property interest was not properly valued in the settlement agreement, and that upon the sale of the interest, the former husband actually sustained a loss.[4]
*1121 The former wife's petition for modification sought, among other things, the distribution outlined in paragraphs 9 and 11 of the agreement as well as an increase in child support. The former husband counter-petitioned seeking a reduction in his child support obligation on the ground that he was no longer employed full-time and hence had a decreased ability to pay.
The cause proceeded to a hearing at which both parties testified. It was established that both parties have remarried, and that after dissolution, the former husband relocated to South Carolina and then to Atlanta, Georgia. The former husband, a certified public accountant, left a $42,000 a year position with an accounting firm in South Carolina, because he believed his job was in jeopardy due to indications that the firm was preparing to dissolve. He concedes that he did not have other employment secured when he resigned from the South Carolina firm and headed to Atlanta. Since his arrival in Atlanta, the former husband has not secured permanent employment, although he has been able to work on a per diem basis for at least two accounting firms during tax season.
In its order granting the petition for modification, the lower court found that the former wife, a legal secretary, waived alimony with the expectation that she would receive certain sums, including those stipulated in paragraphs 9 and 11 of the settlement agreement. Therefore, the lower court ordered the former husband to pay $17,750 (one-half of $27,500 plus $4,000) to the former wife as lump sum alimony. The lower court imputed to the former husband an earning capacity of $42,000, and accordingly, the amount of child support owed by the former husband was increased commensurate with this increase in income.
On appeal, the former husband argues that because the provision of paragraphs 9 and 11 pertain to a property settlement, they are not subject to modification. The former wife argues, in response, that the lower court did not actually modify the settlement agreement, but merely enforced what was intended by it.
Generally speaking, in the absence of a specific reservation of jurisdiction to make a later adjudication of property rights, a lower court does not have jurisdiction to modify property rights after an adjudication of those rights has been made in a judgment of dissolution. Harman v. Harman, 523 So.2d 187 (Fla. 2d DCA 1988). Modification of a property settlement incorporated into a final judgment of dissolution may only be had if the party seeking modification can satisfy the exceptionally heavy burden of showing that the settlement is the product of fraud, duress, deceit, misrepresentation, or overreaching, or that the settlement is unfair or unreasonable. McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990). Even if a specific reservation of jurisdiction is made, it has been held that such only affords a court authority to address property rights not previously settled by the final judgment. Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988).
However, a lower court retains jurisdiction for the purpose of enforcing the final judgment of dissolution regardless of whether a specific reservation has been made. Seng v. Seng, 590 So.2d 1120 (Fla. 5th DCA 1991). Although the former wife styled her petition as a petition for modification, it is obvious that the former wife intended, with respect to paragraphs 9 and 11, an enforcement of these provisions. It is clear that the former wife did not seek anything extrinsic to these provisions; she sought only the amount specifically stated in paragraphs 9 and 11. Accordingly, the relief sought should have been labelled enforcement, rather than modification. In any event, the style of the pleading is not controlling. Scarfone v. Marin, 442 So.2d 282 (Fla. 2d DCA 1983).
It is true that the lower court designated the sums awarded as "lump sum alimony," whereas the property settlement agreement does not use this term. Nevertheless, we find the use of the term to be of no significance at this juncture, since the order under review merely orders the enforcement of the property settlement agreement by payment. Cf. Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988).
Lump sum alimony may be used to effectuate a distribution of marital properties *1122 or to provide support for a spouse in need in the traditional sense of alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). The parties specifically waived alimony in the property settlement agreement, as noted, and obviously intended by the division of the proceeds outlined in paragraphs 9 and 11 to make a distribution of property in lieu of alimony. Under these circumstances, the trial court did not abuse his discretion in ordering the enforcement of agreement according to its intent and purpose. However, since the complaint for modification by the wife did not seek a conversion of these payment provisions into an award of alimony, the order of the court below is modified by striking the term "lump sum alimony," and as modified, is affirmed. We note that the parties have not briefed the issue of whether the wife, after appropriate pleading, may be entitled to have the waiver of alimony provision set aside in order that these disputed payment provisions may be enforced as alimony, and hence, by contempt proceedings. We therefore decline to consider that question.
As for the former husband's argument that the lower court erred in failing to apply "the principles of contract construction and interpretation" as required by Florida law, this argument is plainly without merit. It should be noted that the agreement contains no provision with respect to enforcement of the sums due in event the note became uncollectible, or if the property sold for less than the parties anticipated. We are of the view that the trial court was required to, and did, consider the agreement based upon its contents and the purposes to be accomplished, as elaborated upon by the parties' testimony. In making the following finding of fact, the lower court necessarily construed the settlement agreement in the light of the entire record: "In the May 28, 1985 Property Settlement Agreement signed by the parties and incorporated in the July 19, 1985 Final Judgment, the Former Wife waived her right to alimony because, in lieu thereof, she expected to receive $17,750 as her share of the sale of her husband's CPA business and the Navarre property." The lower court simply concluded, and we think correctly, that alimony was waived by the wife because of her expectation of receiving $17,750, in accordance with the intention of the parties. The trial court's order did not alter the extent of the benefits due to the wife under the agreement, but only the method of payment. See, Lewis v. Lewis, 528 So.2d 93 (Fla. 1988). The former husband has failed to demonstrate that the lower court's construction of the agreement is erroneous, or that the method of enforcement was an abuse of discretion.
The second issue raised by the former husband pertains to the imputation of $42,000 in annual income to him by the lower court. The black letter law regarding imputation of income may be stated as follows: when a spouse who is obligated to pay support voluntarily reduces his income, the income he is capable of earning will be imputed to him when determining his support obligations. Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). On the other hand, it has been held that imputation of income is not proper when the diminishment of income of the supporting spouse is not preventable. See, for example, Reep v. Reep, 565 So.2d 814 (Fla. 3d DCA 1990); Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991), and Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991). We do not agree, however, that the imputation of income in the instant case was error. The trial court had before it evidence that the husband, thinking that he might lose his position in South Carolina, but not certain that his position was in jeopardy, voluntarily left a lucrative job in search of employment in another city. There, the husband has succeeded in obtaining only temporary, but nonetheless remunerative, employment. Under these circumstances, we cannot say that the trial court erred in finding that the former husband's decline in income was voluntary.
Accordingly, the order under review, as modified, is AFFIRMED.
BOOTH and SMITH, JJ., concur.
WEBSTER, J., concurs in result only.
NOTES
[1] Paragraph 11 provides as follows: "The Husband is the holder of a certain promissory note dated November 30, 1984, in the principal amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00) executed by Stephen C. Riggs. The Wife shall be entitled to receive one-half (1/2) of each payment or installment made towards satisfaction of said note, at the time such payment or installment is made."
[2] Paragraph 9 provides as follows: "The Husband has a Twenty-Five (25%) interest in a lot located in Navarre, Florida. The parties' present equitable position in that real property is approximately Eight Thousand Dollars ($8,000.00). It is agreed that the Wife shall have no right to partition that real property nor to determine when the property is to be sold or the terms and conditions under which it is sold. However, upon a sale of the property, the Wife shall be entitled to receive as her sole interest the sum of Four Thousand Dollars ($4,000.00)."
[3] The evidence disclosed that the promissory note represented proceeds of sale of an interest in the former husband's CPA practice. The sale evidently fell through at some point. However, the former husband later sold his interest in the CPA practice to another purchaser for $50,000, plus an additional amount to pay outstanding debts of the business. No payment was made to the former wife.
[4] The former husband testified that the real property interest was in reality stock in a corporation that owned the property. He testified that he assigned the stock to his brother to secure a loan of $2,500, and that the stock was later sold by his brother for $2,500. No part of the amount was paid to the former wife.