PER CURIAM.
Kenneth Lee appeals an order of the trial judge finding him in contempt for failure to pay his court-ordered-half of the mortgage payments on the former domicile of the parties.[1] We affirm.
If an order to pay all or a portion of a mortgage payment is solely in the nature of a property settlement, it is not enforceable by contempt. See Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988); Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984); Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983). In Ball, this court determined that it was necessary to look at the circumstances of the particular debt under consideration, as well as the specific provisions of the judgement itself, in order to determine if the obligation is one for alimony or family support.
The parties in this action have two children. The husband was granted custody of the older, the wife the younger. The younger child is physically handicapped and has special needs. This was a factor in granting the wife possession of the home. The husband was ordered to pay fifty dollars per week child support. In setting this amount, the court observed that the husband was required to pay half of the mortgage payments on the home and that the child was receiving social security disability. The trial judge determined, and we agree, that the requirement to pay one-half of the mortgage payments was a portion and integral part of his duty to contribute to the support of the child. These facts distinguish the circumstances existing in Hobbs, Marks, and Ball.
AFFIRMED.
MICKLE and DAVIS, JJ., and McDonald, PARKER LEE, Senior Judge, concur.

. His other claim does not warrant discussion.