839 So.2d 903 (2003)
R. Allen KEA, Appellant,
v.
Debra Kay KEA, Appellee.
No. 1D02-2057.
District Court of Appeal of Florida, First District.
March 13, 2003.
*904 T. Sol Johnson of Johnson, Green & Miller, Milton, for Appellant.
No appearance for Debra Kay Kea, Appellee.
BROWNING, J.
This is a timely appeal from a final order finding the former husband in contempt for failing to adequately deal with marital debt. We reverse, and hold that the trial court abused its discretion in granting the former wife's motion for contempt because, as Appellant correctly argues, contempt is not the proper remedy for property settlement disputes. See, e.g., Lee v. Lee, 710 So.2d 186, 187 (Fla. 1st DCA 1998).
In Lee, this Court explained that contempt is proper only if the unpaid debt is for alimony or child support, as it was in that case. Id. The Court distinguished the situation in Lee from those in Hobbs v. Hobbs, 518 So.2d 439 (Fla. 1st DCA 1988), Marks v. Marks, 457 So.2d 1137 (Fla. 1st DCA 1984), and Ball v. Ball, 440 So.2d 677 (Fla. 1st DCA 1983). In those three cases, this Court reversed the orders holding the former husband in contempt for failing to pay debt, because the debt in each case was unrelated to alimony or child support. Another case in the same vein, Schminkey v. Schminkey, 400 So.2d 121, 122 (Fla. 4th DCA 1981), explains that to enforce a requirement to repay a debt due to a third party is improper because of the constitutional prohibition on imprisonment for debt.
In the instant case, it is clear that the debt at issue, a mortgage, is not related to alimony or child support. The final judgment of dissolution of the parties' marriage states that "neither party shall receive an award of alimony," and incorporates the terms of the mediation settlement agreement. The mediation settlement agreement states, in part, that "as husband's equitable distribution of marital debt, he shall assume, agree to pay and hold wife harmless from the following: (A) Andalusia mortgage...." There is no hint of child support in the documents. Because the parties' situation is analogous to those described in Hobbs, Marks, and Ball, the trial court's finding of contempt constitutes an abuse of discretion.
Accordingly, we REVERSE and REMAND to the trial court for further proceedings.
BARFIELD and LEWIS, JJ., concur.