CIKLIN, J.
The former wife appeals an order holding her in contempt for failing to pay mortgages on the former marital home, and appointing a receiver to collect rental income from the former marital home in order to pay the mortgages. She argues, among other things, that contempt cannot be used to enforce equitable distribution, and that the former husband lacked standing to seek appointment of a receiver. We agree on these points and find no need to address the former wife’s remaining arguments which are either moot or lack merit.
The parties divorced in 2010. Under the final judgment of dissolution of marriage, the marital home was equitably distributed to the former wife. The associated mortgages that secured promissory notes were made a financial responsibility of the former wife although the former husband was the only party actually named as a payor on the notes. Shortly after the final judgment was entered, the former husband moved for contempt and enforcement, alleging that the former wife failed to notify the bank that she was responsible for the mortgage payments.
The trial court entered an order correctly finding that it could not hold the former wife in contempt of court for failure to pay the mortgages because those “debts to third parties ... are not ‘support’ related.” But the trial court did hold that it was “appropriate to enter an order directing the Former Wife to utilize the rental income [received by leasing the former marital home] to pay the mortgages” because the former wife had the ability to do so. The order required the former wife to *1084 “immediately bring both mortgages current .
The former wife failed to comply and the bank instituted foreclosure proceedings. This led the former husband to file a second motion for contempt and to request the appointment of a receiver to collect the rental income.[1]
After a hearing, the trial court entered an order finding the former wife in civil contempt. The court found that the former wife failed to comply with the trial court’s previous order requiring that she use the rental income associated with the former marital home to “bring both mortgages current.” The court imposed a purge amount of $15,000 to be paid by a specified date to avoid incarceration. The court also appointed a receiver to collect the rental income.
On appeal, the former wife argues that contempt cannot be used to enforce her obligation to pay the mortgages. We agree. The law is well-settled that contempt does not lie to enforce a property settlement arising out of a dissolution of marriage. See Simpson v. Simpson, 68 So.3d 958, 961 (Fla. 4th DCA 2011); Randall v. Randall, 948 So.2d 71, 74 (Fla. 3d DCA 2007); Filan v. Filan, 549 So.2d 1105, 1106 (Fla. 4th DCA 1989); Hobbs v. Hobbs, 518 So.2d 439, 441 (Fla. 1st DCA 1988). Contrary to the former husband’s contention, this is not a case where the trial court used its contempt powers to compel performance of an act. See Riley v. Riley, 509 So.2d 1366, 1369 (Fla. 5th DCA 1987) (affirming contempt order which was based on former husband’s failure to designate former wife the primary beneficiary of a life insurance policy, as required by the property settlement agreement); Burke v. Burke, 336 So.2d 1237, 1238 (Fla. 4th DCA 1976) (affirming portion of order which found former husband in contempt for failing to execute documents as provided for in a property settlement agreement).
We also agree with the former wife that the former husband lacked standing to request and receive appointment of a receiver to collect the rental payments made by tenants living in the former marital home. This court has held that a receiver may not be appointed unless the person seeking appointment has standing “by virtue of a legal or equitable claim, such as a claim of ownership of the property in controversy, or a lien or property right therein .... ” Warrington v. First Valley Bank, 531 So.2d 986, 987 (Fla. 4th DCA 1988) (citation omitted). Pursuant to the final judgment of dissolution, the former husband was left with no legal interest in the former marital home. Further, nothing in the record established that at the time of the hearing, the former husband had an equitable interest in the former marital property, such as a lien or other property right. Based on the foregoing, we reverse the contempt order in its entirety.

Reversed.

STEVENSON and LEVINE, JJ., concur.

. On the former husband's motion, the court also entered an order requiring the former wife to show cause why she should not be held in indirect criminal contempt. However, the court did not ultimately find the former wife in indirect criminal contempt.