JONATHAN AUSTIN BURKETT,

        Appellant,

v.

MARIA CHONA KALAW
KAIBIGAN BURKETT, n/k/a
McCay,

        Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-1843

Opinion filed January 20, 2015.

An appeal from the Circuit Court for Escambia County.
Thomas R. Santurri, Judge.

Sharon K. Wilson, Pensacola, for Appellant.

Autumn O. Beck, Pensacola, for Appellee.

PER CURIAM.

        The former husband appeals from an order awarding the former wife

attorney's fees for proceedings to modify a final judgment of dissolution of

marriage, as well as an income deduction order effectuating the fee order. He has

shown error in the trial court's failure to include sufficient findings to support the

fee award, but we are constrained to affirm as to this issue because the former husband did not file a motion for rehearing alerting the trial court to the deficiencies in the findings. See Owens v. Owens, 973 So. 2d 1169, 1170 (Fla. 1st DCA 2007); See Furr v. Furr, 57 So. 3d 914, 914 (Fla. 1st DCA 2011). The former husband has also raised our suspicions concerning substantive error in the decision to award attorney's fees, in the amount of attorney's fees awarded, and in the inclusion of all the attorney's fees in the income deduction order. However, we are again constrained to affirm because the former husband has represented that no transcript is available for the relevant hearing. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). Without a transcript, we cannot know what evidence the court heard beyond the documents that were filed in the record, and we cannot know what issues were preserved for review. See id.; Rose v. Clements, 73 So. 2d 529, 530 (Fla. 1st DCA 2007); Hoffman v. Hoffman, 920 So. 2d 131, 131 (Fla. 1st DCA 2006).

AFFIRMED.

ROBERTS, RAY, and MAKAR, JJ., CONCUR.