STEVEN FRANK SCHNEIDER,
HUSBAND,

        Appellant,

v.

ANGELA M. SCHNEIDER,
WIFE,

        Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-914

Opinion filed April 8, 2016.

An appeal from the Circuit Court for Clay County.
Dan Wilensky, Judge.

Lynn W. Martin of Law Offices of Lynn W. Martin, Jacksonville, for Appellant.

No appearance for Appellee.


RAY, J.

        Steven Frank Schneider, the former husband, appeals from a final order finding him in contempt for failure to timely pay an amount due under a final judgment of dissolution of marriage and awarding attorney's fees to Angela M. Schneider, the former wife, under a reservation of jurisdiction on this issue in the final judgment. The former husband challenges both the finding of contempt and the award of fees. For the reasons explained below, we reverse the finding of

contempt, but we affirm the award of fees due to lack of preservation or transcripts of the relevant proceedings.

The final judgment required the former husband to pay $343.64 in child support and $200 from his military retirement pay each month, beginning on December 1, 2014. On December 4, 2014, the former husband gave the former wife a check in the amount of $343.64 and told her he did not intend to pay the remaining $200. The former wife filed a motion for contempt the next day, and the former husband paid the remaining $200 on December 22, 2014. At the time of the hearing on the former wife's motion for contempt, the former husband remained current on all payments due under the judgment. The trial court found that the former wife had "elected" to consider the first December payment "as payment for the property settlement, and the remainder as child support." Ratifying this decision by the former wife, the court found the former husband in contempt for his "refusal to timely pay the $543.64."

A finding of civil contempt is reviewed for abuse of discretion. Kea v. Kea, 839 So. 2d 903, 904 (Fla. 1st DCA 2003). However, a finding of contempt for unpaid debt is proper only if the debt is alimony or child support. Kea, 839 So. 2d at 904. Therefore, it is an abuse of discretion to hold a person in contempt for failure to comply with a property-settlement provision of a final judgment of dissolution of marriage. Kea, 839 So. 2d at 904.

2

Here, the former husband paid the former wife the exact amount due for December child support three days after it was due and a day before she filed her motion for contempt. The only reasonable interpretation of the check is that it was a payment of child support. By ratifying the former wife's decision to treat it as something else, the court essentially found the former husband in contempt for failing to make a property-settlement payment on time.[1]

As for the fee issue, the order suggests that the court unduly focused on a single large-sum check the former husband received just before the trial, without taking into consideration the entire picture of each party's financial circumstances. Because the fee determination was necessarily based on evidence presented at the final hearing leading to the final judgment of dissolution of marriage, we have taken judicial notice, on our own motion, of the portion of the record filed in the prior appeal from the final judgment, hoping that it would shed light on the trial court's decision. See Ellsworth v. Ins. Co. of N. Am., 508 So. 2d 395, 398 (Fla. 1st DCA 1987) (recognizing that "in appropriate circumstances an appellate court may take judicial notice of its own records"). The documents in the record give the

---

[1] We do not read the trial court's order as finding the former husband in contempt for making his first post-judgment child support payment three days late, but for allegedly failing to make the full child support payment until later in the month. To the extent the order might be read as finding the former husband in contempt for his late payment, it is still not salvageable under the unique facts of this case. The purpose of contempt proceedings is to obtain compliance with a court order, not to punish. Bowen v. Bowen, 471 So. 2d 1274, 1278 (Fla. 1985).

impression that the final judgment left the parties on roughly equal financial footing, or even that the former wife was in a better financial position, which would make the fee award improper. Hutchinson v. Hutchinson, 2015 WL 5779387, at *1 (Fla. 1st DCA Oct. 2, 2015). However, this observation is only an impression, as no transcripts of the evidentiary hearings at which the parties' financial circumstances were litigated are available, and the trial court's orders do not contain findings sufficient to resolve our questions on this matter one way or the other.[2] Although the former husband argues error in the lack of sufficient findings, he did not preserve this challenge to the lack of sufficient findings as required by our precedent. See Burkett v. Burkett, 155 So. 3d 478, 478 (Fla. 1st DCA 2015). Under these circumstances, we affirm, not knowing if evidence and arguments presented at the hearing would clarify the basis for the fee award and the fee order's focus on one aspect of the parties' circumstances. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979); Burkett, 155 So. 3d at 478; Furr v. Furr, 57 So. 3d 914, 914 (Fla. 1st DCA 2011).

AFFIRMED in part and REVERSED in part.

OSTERHAUS and WINOKUR, JJ., CONCUR.

---

[2] Appellant obtained an approved statement of the evidence presented at one of the relevant hearings under Florida Rule of Appellate Procedure 9.200(b)(4). However, this statement did not sufficiently illuminate the state of the evidence on the parties' respective financial circumstances to allow for meaningful review of the fee issue.