IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUANA DELACRUZ,

        Appellant,

 v.                                  Case No.  5D15-2481

WELLS FARGO BANK, N.A., ET AL.,

        Appellees.

_____/

Opinion filed January 20, 2017

Appeal from the Circuit Court
for Lake County,
Carven D. Angel, Senior Judge

Mark P. Stopa, of Stopa Law Firm,
Tampa, for Appellant.

Sara F. Holladay-Tobias, Gabriel M.
Hartsell and Emily Y. Rottmann, of
McGuirewoods, LLP, Jacksonville, for
Appellee, Wells Fargo Bank, N.A.

No Appearance for Other Appellees.

PER CURIAM.

In this foreclosure case, on the threshold of the scheduled oral argument, Appellee

concedes error, based in part on our recently released opinion in *Palma v. J.P. Morgan

Chase Bank, N.A.*, No. 5D15-3358 (Fla. 5th DCA Dec. 2, 2016).  *Palma* settled the primary

issue framed in this appeal—whether Appellant properly pled Appellee's failure to comply

with a precondition to acceleration as a defense. Appellant denied with specificity that Appellee had conducted a "face-to-face" interview, as required by the terms of the mortgage, but she did not label this defensive assertion as an "affirmative defense." The trial court accepted Appellee's argument that the unlabeled defense was not properly pled and deemed it waived. Although *Palma* settled the largely semantic issue upon which the trial court based its ruling, it failed to emphasize that pleading labels (or lack thereof) seldom control. *Work v. Provine*, 632 So. 2d 1119 (Fla. 1st DCA 1994). Where, as here, the factual basis for the defense provides sufficient notice to apprise the plaintiff of the precise basis for the defense, the failure to affix the correct label is not an impediment to a determination on the merits. Appellee also rightfully concedes that its failure to move into evidence the modification agreement was error on this record.

Accordingly, we reverse and remand the judgment with instructions that the trial court enter an order of involuntary dismissal.

REVERSED AND REMANDED.


ORFINGER, TORPY, JJ., and THOMPSON, E. R., Senior Judge, concur.

2