DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JULIANNE R. FRANK**,
Appellant,

v.

**DIANE FRANK**,
Appellee.

No. 4D17-2201

[August 8, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Rosemarie Scher, Judge; L.T. Case No. 50-1998-DR-008893-DIFH-NB.

Matthew Jay Lane of Matthew Lane & Associates, P.A., Lake Park, and James L. Green of the Law Office of James L. Green, P.A., Jupiter, for appellant.

Eddie Stephens and Caryn A. Stevens of Ward, Damon, Posner, Pheterson & Bleau, P.L., West Palm Beach, for appellee.

KUNTZ, J.

The circuit court held the appellant in contempt for failing to make permanent periodic alimony payments required by a final judgment dissolving a marriage. The appellant appeals, and we reverse.

The final judgment, issued in 1999, incorporated a marital settlement agreement that required the appellant to make permanent periodic alimony payments. The appellant provided the appellee twelve postdated checks intended to fulfill the alimony obligation while the appellant was on an extended sailing trip. When the appellee tried to deposit the first check, the bank rejected it for insufficient funds. The appellee moved for civil contempt and enforcement. The appellee served the motion by email, mail, and facsimile. She also published a notice of action.

At a hearing on the contempt motion, the appellee testified that she had received no alimony payments in over eight months. As a result, she had

not paid the mortgage on a residence jointly owned by the appellee and the appellant.

The court granted the contempt motion and awarded the appellee full title in the home. The court also held the appellant in civil contempt for violating the court's orders, and issued a writ of bodily attachment that included a purge provision of $23,558.09. Later, the appellant satisfied the purge provision, and the circuit court vacated the writ of bodily attachment.

Soon after, the appellant moved for relief from the contempt order. Relevant here, the appellant argued (1) the court's jurisdiction was defective because the notice of action did not include a legal description of the home; and (2) the court lacked continuing jurisdiction to modify the property distribution in the final judgment of dissolution of marriage. The court denied the rehearing motion and the appellant appealed.

First, we address the appellant's argument that the court's order is void because the published notice failed to describe the real property. While the published notice may not have described the real property, formal service of process was not required. The appellant had already appeared in the case as a party. Strict compliance with the service of process statute was required when the dissolution action was filed, not when a motion was filed years later. *See, e.g.*, *Davis v. Dieujuste*, 496 So. 2d 806, 808 (Fla. 1986).

Beyond that, Florida Rule of Family Law Procedure 12.615(b) (2017) governs notice of a civil contempt motion. Rule 12.615(b) states that a party must serve contempt motions in the manner provided in Florida Rule of Judicial Administration 2.516 (2017). An order granting counsel for the appellant's motion to withdraw included a mailing address to serve all future filings on the appellant. The appellee served the motion by email to two email addresses, by U.S. Mail to two different mailing addresses, and by facsimile. The appellee served the motion in accordance with the court's earlier order and Rules 12.615 and 2.516. Thus, the court's order is not void for improper service of process.

Second, we address the appellant's argument that the court lacked continuing jurisdiction to modify the distribution of property in the final judgment. On this point, we agree with the appellant.

Once a final judgment of dissolution of marriage is rendered, property rights are fixed and vested and a court is without jurisdiction to modify those rights unless it specifically reserved jurisdiction to do so.

2

*Encarnacion v. Encarnacion*, 877 So. 2d 960, 963 (Fla. 5th DCA 2004) (citing *Brandt v. Brandt*, 525 So. 2d 1017 (Fla. 4th DCA 1988) (en banc)). But a court may enter an order that clarifies or enforces the final judgment. *Brandt*, 525 So. 2d at 1017; *Hobbs v. Hobbs*, 518 So. 2d 439, 440 (Fla. 1st DCA 1988).

Here though, the order was not limited to items for which the court had retained jurisdiction. Nor was it intended to clarify or enforce the final judgment. The final judgment provided that the appellee and appellant owned the marital residence as tenants-in-common and gave the appellee "exclusive use and possession" of the residence. The final judgment also stated that any sale of the property would be at a price mutually agreeable to the appellee and appellant.

Yet the contempt order transferred the rights to the marital property to the appellee. While courts have broad discretion to fashion creative contempt sanctions to enforce a judgment, the contempt power is not limitless and "[t]he law is well-settled that contempt does not lie to enforce a property settlement arising out of a dissolution of marriage." *Byrne v. Byrne*, 133 So. 3d 1082, 1084 (Fla. 4th DCA 2014). The court erred when it transferred the residence in the contempt order because the final judgment determined those rights.

The court lacked jurisdiction to determine property rights adjudicated in the final judgment. Thus, the contempt order is vacated, and the case remanded for further proceedings.

*Reversed and remanded.*

MAY and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**