310 So.2d 403 (1975)
Jean Rose CARLIN, Appellant,
v.
Stan CARLIN, Appellee.
No. 74-908.
District Court of Appeal of Florida, Fourth District.
April 4, 1975.
Robert D. Hurth, Hurth, Hall & Whitelock, Fort Lauderdale, for appellant.
No appearance for appellee.
PER CURIAM.
Upon consideration of the record on appeal and the brief of the appellant (petitioner below)[1] we are of the opinion that the order adjudicating the petitioner in contempt for failure to comply with the final judgment of dissolution was erroneous. A review of the final judgment of dissolution reflects the existence of a property settlement agreement voluntarily entered into by the parties the violation of which is not enforceable by contempt but only by the usual remedies available to a creditor against his debtor. Howell v. Howell, Fla.App. 1968, 207 So.2d 507; cf. 10A Fla.Jur., Dissolution of Marriage, sec. 11. Accordingly, the order of contempt is reversed and the cause remanded for such further proceedings as may be consistent herewith.
Reversed and remanded.
OWEN, C.J., and MAGER and DOWNEY, JJ., concur.
NOTES
[1] The court notes with some disdain the failure of the appellee to file a brief as required by Rule 3.7, subd. b, F.A.R. Failure to file a brief not only places an undue burden upon the appellate court but, additionally reflects an omission of the responsibility on the part of the appellee to support the ruling of the trial court. If the trial court's ruling is not worthy of support then the appellee ought to confess error and join with the appellant in seeking a reversal. Cf. Holden v. City of Fort Lauderdale, Fla.App. 1973, 286 So.2d 218; Ramirez v. Ramirez, 309 So.2d 25, Fourth District Court of Appeal Case No. 74-1086 opinion filed February 28, 1975.