452 So.2d 620 (1984)
Terrence E. ROSENBERG, Appellant,
v.
Judith ROSENBERG (Stein), Appellee.
No. 83-1174.
District Court of Appeal of Florida, Third District.
June 5, 1984.
Rehearing Denied July 31, 1984.
Terrence E. Rosenberg, in pro. per.
Atkinson, Golden, Jenne, Diner & Henry and Deborah Marks, Hollywood, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and HUBBART, JJ.
PER CURIAM.
The marriage of the parties in this matter was dissolved by final judgment of dissolution in June of 1980. The final judgment included a property settlement agreement. The appellant failed to abide by the terms of the property settlement agreement and the final judgment. Motions to enforce compliance were filed and an order dated October 12, 1983 found *621 the appellant in violation of same and directed his compliance. An untimely petition for rehearing was filed to this order on October 25, 1983. Rule 1.530(b) Florida Rules of Civil Procedure.
A subsequent motion to vacate was filed contending that the written order of the 12th did not reflect the true rulings of the trial court. The trial court entered an order denying the motion to vacate and found the appellant in contempt, ordering him incarcerated if he did not comply within a certain time, for failure to make payments required under the property settlement agreement.[1] The trial court also struck and denied the petition for rehearing. We affirm the striking of the untimely petition for rehearing. See Grabarnick v. Florida Homeowners Association of North Broward, Inc. 419 So.2d 1065 (Fla. 1982); Feinberg v. Feinberg, 384 So.2d 1304 (Fla. 4th DCA 1980); Rule 1.530(b) Fla.R.Civ.P. We also affirm the denial of the motion to vacate. Schwab & Co., Inc., v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978); Randle Eastern Ambulance Service, Inc. v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977). However, we reverse the order holding the appellant in contempt and ordering his incarceration. Where periodic payments are in settlement of property rights pursuant to a property settlement agreement, as in the instant case, the parties stand in the position of debtor and creditor. See Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968); Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958). Their rights under such circumstances cannot be enforced by contempt but only by the usual remedies available to a creditor against a debtor, as the courts may not imprison for failure to pay a debt. See Chapman v. Lamm, 388 So.2d 1048 (Fla. 3d DCA 1980), modified on other grounds 413 So.2d 749 (Fla. 1982); Carlin v. Carlin, 310 So.2d 403 (Fla. 4th DCA 1975); Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974); Howell v. Howell, supra. This reversal is without prejudice to the trial court entering such other sanctions as may be necessary to aid the appellee in collecting that which the appellant agreed to pay.
Affirmed in part, reversed in part and remanded to the trial court for further proceedings.
NOTES
[1] In this appeal the appellant is seeking to terminate the periodic payments on the basis that they are in fact alimony which terminate upon remarriage. However, the trial court clearly found that they were periodic payments in settlement of property rights and therefore not terminable by a subsequent marriage of the appellee. See Vance v. Vance, 143 Fla. 513, 197 So. 198 (1940); Compare: Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984).