DAUKSCH, Judge.
This is an appeal from an order dismissing a complaint in an action to domesticate a foreign judgment.
Appellant and appellee were divorced in New Jersey in 1971. The judgment did not retain jurisdiction over the matter or the parties. In 1982 appellant petitioned the New Jersey court to modify and enforce the judgment. The modification sought the termination of alimony while the “enforcement” sought to require appellee to pay college expenses of one of the parties’ children. Although a legal secretary signed an affidavit saying she mailed a copy of the petition to appellee there is no proof such as a return receipt, that appellee received it. Appellee did not appear at the hearing. The New Jersey court granted the requested relief and entered an order to enforce and modify. In its order the court said appellee was on notice because her attorneys were given notice. An order relieving those attorneys from their duties as appel-lee’s counsel was entered before the modification and enforcement proceedings. The procedural rule in New Jersey requires ap-pellee to be served personally, in a manner similar to Florida’s rule.[1] As can be noted from the rule, no default can be entered without better service than by certified mail. All agree appellee was not personally served, but was defaulted for nonappearance — or, at least, the order was entered without her being personally served or actually appearing.
After the order was entered appellee was personally served with a notice that appellant was going to seek a judgment based on the order enforcing and modifying. Again she did not appear or respond. Judgment was entered. This is the judgment which appellant seeks to enforce in Florida. The Florida trial court judgment under review determined that because the New Jersey court lacked jurisdiction over appellee in the initial proceeding, that it, the New Jersey court, had no jurisdiction to enter the judgment in the subsequent proceeding, even though appellee had been personally served.
Appellant argues that the proceedings to enforce and modify are supplementary to the original divorce proceedings and thus personal service was not required, merely notice. Except for the rule of procedure regarding service of process, we have not been provided with New Jersey law, nor was it made a part of the record below. We will apply Florida law. Aboandandolo v. Vonella, 88 So.2d 282 (Fla.1956).
Appellant is correct that once a Florida court obtains jurisdiction in a marriage dissolution case, jurisdiction continues for enforcement of the judgment. So long as notice is given, the court will properly enter orders of enforcement. See Neal v. Neal, 403 So.2d 621 (Fla. 5th DCA 1981), pet. for rev. den., 412 So.2d 467 (Fla.1982). Further, Florida circuit courts have jurisdiction to terminate or modify alimony awards. § 61.14(1), Fla.Stat.(1981). Appellant is incorrect when he says the court automatically retains jurisdiction to modify a judgment. Neal v. Neal; Altieri *1374 v. Altieri, 341 So.2d 525 (Fla. 1st DCA 1977).
Pursuant to section 61.14(1), Florida Statutes (1981), the New Jersey court had jurisdiction to terminate the alimony awarded in the 1971 judgment without new personal service upon appellee. Therefore, that part of the judgment of June 17, 1983 (paragraph 1) which orders appellee to repay to appellant certain sums he paid to her as alimony is valid. Thus, with reference to that part of the June 17, 1983 judgment, the lower court erred in dismissing with prejudice appellant’s complaint to domesticate the foreign judgment. With reference to appellant’s motion in the New Jersey court to require appellee to pay the college expenses of Gregory, the lower court correctly determined that new personal service of process upon appellee was necessary to effect the New Jersey court’s jurisdiction over her because this motion sought to alter the terms of the 1971 judgment. Consequently, the New Jersey court did not have jurisdiction to dispose of the motion, and therefore the lower court properly dismissed with prejudice the action to domesticate this aspect of the June 17, 1983 judgment.
AFFIRMED in part; REVERSED in part; REMANDED.
ORFINGER and COWART, JJ„ concur.

. New Jersey’s Civil Practice Rule 4:4-4(a) provides as follows:
Service of summons, writs and complaints shall be made as follows:
(a) Individuals generally. Upon an individual other than an infant under fourteen years of age or an incompetent person, by delivering a copy of the summons and complaint to him personally; or by leaving a copy thereof at his dwelling house or usual place of abode with a competent member of his household of the age of fourteen years or over then residing therein; or by delivering a copy thereof to a person authorized by appointment or by law to receive service for process on his behalf; Or by service by registered, certified or ordinary mail, except that no default shall be entered for failure to appear unless service is also made under another provision of this paragraph (a).