PER CURIAM.
Rayburn Paulk sought relief from this court by petition for writ of prohibition or habeas corpus, contending his incarceration for contempt for failure to pay an alimony arrearage was improper. We denied prohibition finding the remedy was inappropriate where the trial court had already acted, English v. McCrary, 348 So.2d 293, 297 (Fla.1977). After issuing an order directing the former wife to respond to the petition for writ of habeas corpus and considering the merits of the response, we granted relief by unpublished order. We now issue this opinion to explicate our reasons for doing so.
Petitioner was ordered to pay alimony in the amount of $900 per month, effective May 1986. When an arrearage' of $18,900 was declared on February 8, 1988, Paulk appealed to this court and a stay was ordered. After the appeal was voluntarily dismissed, the trial court dissolved the stay and by order of April 12, 1989, reinstated the arrearage and found that an additional $8,800 in arrearages had accrued in the interim. With interest calculated and added to the amount due former wife, the total arrearage was found to be $31,814.63. It was found Paulk had the present ability to pay the amount due his former wife and the sheriff was authorized to immediately incarcerate him with the provision that Paulk could purge the contempt by paying the total arrearage amount. Additionally, the order reduced the arrearage to a judgment for which execution could issue. Shortly thereafter, however, Paulk filed for bankruptcy and that court issued a stay of all proceedings against petitioner.
Subsequently, upon motion of former wife, the bankruptcy court lifted its stay insofar as it affected her efforts to collect alimony. On January 10, 1990, former wife moved the trial court to enforce the order of April 12,1989. It was alleged that in addition to amounts described above, further arrearages had accrued in the interim. Petitioner contends that at a hearing on the motion, counsel for the former wife stipulated Paulk did not have the present ability to pay the entire purge amount but the trial court nevertheless orally ordered Paulk be taken into custody by the sheriff.
We find the actions of the circuit court deficient in several respects. Initially, an oral order cannot serve to sustain the incarceration of petitioner, Rowls v. Boone, 427 So.2d 220 (Fla. 1st DCA 1983). Nor can the order of April 12, 1989, serve to justify the incarceration since, by reducing the arrearage to judgment, the lower court eliminated incarceration as a means to enforce its orders. The two remedies are mutually exclusive, Lamm v. Chapman, 413 So.2d 749, 753 (Fla.1982); Rosenberg v. *701 Rosenberg, 452 So.2d 620 (Fla. 3d DCA), dismissed, 458 So.2d 273 (Fla.1984).
Counsel for former wife admits that at the hearing she stipulated Paulk did not have the present ability to pay the purge amount. She argues this is irrelevant as the lower court was only enforcing the terms of an order entered several months before which included a finding that the contemnor had the present ability to pay the purge amount. As we have discussed, incarceration was not available as a remedy to collect this arrearage once it was reduced to a judgment. The trial court’s order of April 12, 1989, would not preclude civil contempt as a means of enforcing an alimony award for arrearages which accrued subsequent to that date, so long as a written order was rendered which included a finding that the contemnor had the present ability to pay the purge amount, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). Such an order, however, has not been entered.
Respondent also indicates there was evidence at hearing that Paulk had intentionally divested himself of the ability to pay. If this were so, the proper remedy is a proceeding in criminal contempt, with the attendant procedural safeguards, rather than civil contempt, Bowen; Moskowitz v. Moskowitz, 549 So.2d 781 (Fla. 4th DCA 1989).
Finally, we address former wife’s contention that petitioner failed to join an indispensable party to these proceedings, her former counsel, who also obtained an order of enforcement on April 12, 1989, as to attorney fees due and owing. Thus, argues respondent, the incarceration of her former husband was also based on his contemptuous failure to comply with this circuit court order and the former attorney should have been named a party to this proceeding. We disagree. The April; 12, 1989, order relating to attorney fees also reduces the amount due to a judgment, thus running afoul of the exclusive remedies problem described above. There has also been no showing that the bankruptcy court had lifted its stay as to that indebtedness.
Upon consideration of the foregoing, we have found the incarceration of Rayburn Paulk for civil contempt was improper and we issued the writ of habeas corpus and ordered his release.
WRIT ISSUED.
SHIVERS, C.J., and SMITH and NIMMONS, JJ., concur.