PER CURIAM.
The former husband, Arthur Hine, appeals a final order denying his exceptions to the reports of the General Master.
The parties’ marriage was dissolved on December 14, 1984. The final judgment of dissolution of marriage incorporated the marital settlement agreement entered into between the parties. The principal asset of the parties at the time of the dissolution was real estate located in Pennsylvania (hereinafter referred to as “property”). In the marital settlement agreement the parties agreed to sell the property and to equally divide the proceeds. The parties further agreed that the former wife would have custody of the minor child and that the former husband would pay $150.00 per month for child support.
In July 1986, the property was seized by the IRS. On August 29, 1986, the IRS sold the property by auction for $7,000.00 to the woman that the former husband married two years after the sale. The former wife maintains that she was never advised by the IRS of the seizure of the property.
*498 The minor child suffers from learning disabilities which were diagnosed prior to the dissolution of marriage. At first, the child was enrolled in the public school system. However, by agreement of the parties, the minor child was then transferred to a private school for the learning disabled. The former husband voluntarily paid the tuition for three years. In addition, the minor child was enrolled in camp for the summer of 1988. The former husband paid a deposit to the camp to guarantee the minor child’s enrollment. Thereafter, the former husband withdrew the deposit. The former wife then enrolled the minor child in another camp and paid the tuition and air fare. Additionally, the former husband had been voluntarily paying $250.00 in child support instead of $150.00 as required.
In April 1988, the former husband withdrew all voluntary financial contributions. Thereafter, the former wife filed a motion for contempt and a motion for modification. As agreed to by the parties,- the matter was heard by a General Master. The former husband did not attend the hearing, but was represented by counsel. The General Master found that the former husband had deviously and fraudulently caused the property to be seized by the IRS and sold at public auction, where it was eventually purchased by the former husband’s future wife, and ordered the former husband to: (1) pay to the former wife the sum of $31,030.08, which represents the former wife’s interest in the property; (2) increase child support payments from $150.00 to $250.00 per month; (3) assume the cost of private schooling for the minor child; and (4) pay to the former wife the sum of $695.00, which represents out of pocket expenses for the minor child to attend summer camp in 1988. The former husband filed exceptions to the General Master's report. However, the trial court denied the exceptions and the former husband appealed.
The former husband contends that the trial court lacked jurisdiction, through contempt proceedings, to enter the order requiring the former husband to pay $31,030.08 to the wife. We agree. Generally, trial courts have authority to use contempt proceedings when a person disregards an order or decree of the court. South Dade Farms, Inc. v. Peters, 88 So.2d 891 (Fla.1956). However, provisions of a pure property settlement agreement incorporated into a final judgment of dissolution of marriage may not be enforced by contempt proceedings. Such provisions are enforceable only by remedies available to creditors against debtors. Rosenberg v. Rosenberg, 452 So.2d 620 (Fla. 3d DCA 1984); McCombes v. McCombes, 440 So.2d 683 (Fla. 1st DCA 1983); Carlin v. Carlin, 310 So.2d 403 (Fla. 4th DCA 1975); Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968); 25 Fla.Jur.2d Family Law § 383 (1981). Provisions for payment of alimony or child support, however, are enforceable by contempt proceedings. Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968). A review of the provision, requiring the former husband to sell the property and to equally divide the proceeds, reflects that the provision deals with the division of property and in no way is tied to alimony or child support obligations. Thus, we find that the trial court lacked jurisdiction to enforce the provision through contempt proceedings.[1]
We, however, reject the former husband’s argument that the trial court erred in adopting the General Master’s recommendations modifying the former husband’s child support obligations. The former husband alleges that there was no evidence of increased need by the child nor evidence of the former husband’s ability to pay. The matter of increasing child sup *499 port payments is one largely within the sound discretion of trial courts. Thus, the person challenging the trial court’s findings must show that the findings were not based on competent evidence. Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981). We find that the former husband has not met this burden. For over a two year period, the former husband had voluntarily increased child support payments from $150.00 to $250.00 per month. Voluntary payments made over a significant period of time have evidentiary value tending to show that the parties recognize that there is an increase in the child’s needs. Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980). Thus, we find that the finding was based on sufficient competent evidence.
We also disagree with the former husband’s contention that the trial court erred in adopting the General Master’s recommendation that the former husband is to pay for the child’s tuition at the private school. Child support orders may be modified upon a showing of substantial change in circumstances. See Harris v. Harris, 512 So.2d 968 (Fla. 2d DCA 1987); Vanden Bosch v. Elkins, 419 So.2d 1127 (Fla. 3d DCA 1982). The former husband argues that since the parties were aware of the child’s learning disabilities at the time of the divorce, the circumstances have not changed. We disagree. When the child first started school he was placed in a public school. The child attended the public school for two years. While attending the public school, the child was only going to learning disability classes part time. However, the parties mutually agreed to transfer the child to a private school for the learning disabled. The parties’ mutual agreement to remove the child from the public school and to place the child in a private school for the learning disabled indicates that the parties felt that the circumstances had changed. In addition, an expert testified that the child has made tremendous progress while at the private school and that the child should not be removed.
Lastly, the former husband contends that the trial court erred in ordering him to reimburse the former wife for the child’s summer camp expenses incurred in 1988. We disagree. The General Master found that the former husband had the financial ability to pay. The former husband paid approximately $3,200.00 for the child’s summer camp in 1987. In addition, the former husband agreed to pay for the child’s camp for the summer of 1988. In fact, the former husband actually enrolled the child in camp and made a deposit to guarantee the child’s enrollment. However, in April 1988, the former husband wrote the former wife stating that he would pay for the private school and summer camp if she would sign a quitclaim deed to the property. When the former wife refused, the former husband withdrew the deposit for the child’s summer camp. We find that the General Master’s finding that the former husband had the ability to pay was supported by competent evidence, and thus, affirm the trial court’s order requiring the former husband to reimburse the former wife.
Affirmed in part, reversed in part and remanded.

. As a result of our finding that the trial court lacked jurisdiction to enforce the provision by contempt proceeding, we no longer need to address the former husband’s following contentions: (1) the trial court improperly converted the former wife’s one half (1/2) interest in the property into an order for the former husband to immediately pay $31,030.08, which constitutes an impermissible modification of the final judgment of dissolution of marriage; and (2) the trial court erred in adopting the General Master’s findings that the former wife's one half (1/2) interest in the property is valued at $31,-030.08.