561 So.2d 1335 (1990)
William VEIGA, III, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1843.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
*1336 Jason G. Reynolds of Coble, Barkin, Rothert, Gordon, Morris, Lewis & Reynolds, P.A., Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The trial court utilized criminal contempt authority to punish the petitioner/husband in a dissolution action for failure to comply with a court order to pay $25,000.00 to the respondent/wife "as lump sum alimony for purposes of equitable division of the interest in his business." Property division awards may not be enforced by contempt; the only remedies are those available to creditors against debtors. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953); Hine v. Hine, 558 So.2d 496 (Fla. 3d DCA 1990); Carlin v. Carlin, 310 So.2d 403 (Fla. 4th DCA 1975); Howell v. Howell, 207 So.2d 507 (Fla. 2d DCA 1968); 25 Fla. Jur.2d Family Law § 383 (1981). Only provisions for payment of support, spousal or child, are enforceable by contempt proceedings. See Howell at 512; cf. Gibson v. Bennett, 561 So.2d 565 (Fla. 1990). The order in the instant case clearly deals with the division of property and not with any support obligation. Therefore, the trial court lacked jurisdiction to enforce its order through contempt proceedings. See Art. I, § 11, Fla. Const.
REVERSED.
DAUKSCH and PETERSON, JJ., concur.