590 So.2d 1120 (1991)
Rudolph Alvin SENG, Jr., Appellant,
v.
Linda L. SENG, Appellee.
No. 91-136.
District Court of Appeal of Florida, Fifth District.
December 27, 1991.
G. Robertson Dilg, Charles W. Sell, and Tracy A. Borgert, of Gray, Harris & Robinson, P.A., Orlando, for appellant.
Frederic B. O'Neal, Orlando, for appellee.

ON MOTION FOR REHEARING
W. SHARP, Judge.
Appellee moves for rehearing in this cause. Because this court's prior opinion made some inexact fact statements which may impact the cause on remand, we amend it as follows.
Rudolph Seng, the former husband, appeals from a final order which denied his various motions (for contempt, arrearage, sequestration, and others) which had been filed with the dissolution court on the basis that the court lacked jurisdiction to enforce the former wife's obligation to pay a promissory note which she had guaranteed pursuant to the settlement agreement. The court in this case included in its judgment a general reservation of powers to enforce the judgment.[1] The trial court emphasized that the dissolution judgment and settlement incorporated in it, only required that the former wife, Linda Seng, guarantee the payment of a corporate promissory note, and not to make the $3,000 per week payments, which the corporation was to make to the former husband. We reverse.
*1121 The parties entered into a settlement agreement in this case. Counsel for the husband argued below that it was entered into at a time when the former husband was ill and not expected to live long. He agreed to transfer all of his interest in a family business (a restaurant) to his former wife. Pursuant to the terms of the settlement agreement, she agreed to pay him $200,000. In the following paragraph of the settlement agreement, she agreed the corporation (to be solely owned by her) would pay him $3,000 per week for his lifetime, and that she would personally guarantee the promissory note executed by the corporation to evidence this obligation. In an additional paragraph, the settlement provided that so long as the former husband received the $3,000 weekly payment, he would not "compete" in the restaurant business.
In defense of this proceeding, the former wife challenged the validity of the promissory note (fraud and concealment) and the legality of the non-compete agreement. The former husband has not challenged its validity. The former wife questioned the jurisdiction of the dissolution court to enforce the former wife's $3,000 weekly payment obligation as guarantor of the corporation.
Both parties recognize the general principle that proceedings to enforce dissolution judgments cannot be used to modify property rights not adjudicated by the dissolution decree, where such reservation of power was not specifically reserved. See Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988). However, the issue in this case is whether the dissolution court has jurisdiction to enforce payment of the promissory note by the spouse-guarantor, which was provided for in the dissolution decree. Florida courts retain jurisdiction in dissolution cases to enforce dissolution judgments whether or not there is a specific reservation of such power. See Diette v. Diette, 471 So.2d 1372 (Fla. 5th DCA 1985).
Appellee argues that Veiga v. State, 561 So.2d 1335 (Fla. 5th DCA 1990) prohibits the dissolution court from enforcing a property award, which was part of a dissolution decree. We disagree. Veiga held that contempt proceedings were inappropriate to enforce an award of property to a spouse by way of equitable distribution. This case involves a kind of property settlement award rather than a support award. We agree that contempt is not an appropriate enforcement mechanism. But, there are other remedies available to the former husband (e.g., judgment for arrearages under the promissory note), which he is seeking to pursue in this proceeding.
In our view, the former husband is merely attempting to enforce the provisions of the dissolution judgment, under which he was to be paid $3,000 per week by the corporation, and failing that, by the former wife as guarantor. The fact that the former wife is a guarantor rather than the obligor maker of the corporate note provides no logical basis to refuse enforcement jurisdiction. Only the dissolution court can consider all of the factors relating to its validity and the range of results and implications if it is held to be unenforceable.
REVERSED and REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] The specific language of the reservation is:

This Court retains jurisdiction of this cause to grant such other relief as may be necessary to enforce this judgment.