PER CURIAM.
The former husband, Michael A. Livingston, appeals the order determining that his lump sum alimony obligation to the former wife, Julie M. Livingston, is enforceable by contempt. We reverse. In the supplemental final judgment of dissolution, the trial court specifically stated that “[i]t appears from the testimony that the muffler business has been sold by the Former Husband ... and the proceeds are no longer available for equitable distribution. The Court finds that it is necessary to award lump sum alimony in order to achieve an equitable distribution.” An award of lump sum alimony to effectuate a division of property is not enforceable by contempt. See Hertrich v. Hertrich, 643 So.2d 115 (Fla. 5th DCA 1994); Veiga v. State, 561 So.2d 1335 (Fla. 5th DCA 1990). Consequently, it was inappropriate for the trial court to have directed the lump sum alimony payments to be paid to the Domestic Relations Department of the Clerk of the Circuit Court via an income deduction order.
Accordingly! we reverse the order and remand tMg cause to the trial court fQr proceedings consistent with this opinion.
FULMER, A.C.J., and WHATLEY and SALCINES, J., Concur.