SHEPHERD, J.
This is an appeal of a final order of the circuit court defining and distributing to the Former Wife an aliquot portion of the Former Husband’s military retired pay without expressly excluding contingent, future post-dissolution increases. We find overbroad the language used by the lower court in its order because of its potential to allow the Former Wife to receive accretions of retired pay post dissolution and because it is contrary to the agreement of the parties. Accordingly, we reverse and remand.
The Final Judgment of Dissolution of the Lawrence marriage was issued in November 2003, with the court reserving jurisdiction to enter further orders concerning the transfer of interests in retirement benefits as previously agreed to by the parties. According to the marital settlement agreement, the former spouses agreed that each “shall [] be entitled to 50% of the value of their respective retirement accounts as calculated from the date of marriage (October 3, 1992) through the date of separation [March 15, 2003].”
Believing that it was effecting the parties’ intention, the lower court adopted the following language in its order:
The Respondent/Wife, Former Spouse is awarded a percentage of the member’s disposable military retired pay, to be computed by multiplying 50% times a fraction, the numerator of which is 125.5 months of marriage during the member’s creditable military service, divided by the member’s total number of months of creditable military service.
The Former Husband urged the court that its operative language would result in an award to the Former Wife of non-marital increases in the Former Husband’s retired pay resulting from promotions, time in service increases, and pay increases mandated from time to time by Congress, and all other increases accruing post-dissolution. Toward that end, the Former Husband submitted that the court add to its order the following language: “For the purpose of this computation the member’s military retired pay is defined as the military retired pay the member would have received had the member retired on March 15, 2003, with a retired pay base of $5,258.50 with 14 years of creditable service.” The lower court declined to accept the Former Husband’s proposed language, which would have limited the Former Wife to sharing in the benefits accrued only during the term of the marriage. This appeal by the Former Husband follows.
Florida law considers assets acquired after the dissolution to be non-marital and not subject to distribution. Section 61.075(5)(a), Fla. Stat. (2003). The Florida Supreme Court has held that the valuation of a vested retirement plan is not to include any contributions made after the original judgment of dissolution. Boyett v. Boyett, 703 So.2d 451, 451 (Fla.1997). Because the law is unequivocal in this area, and because the parties to this dissolution had already expressed their desire to equally share their respective pensions based upon the actual time of the marriage, i.e. 10 years, we find that the lower court’s adopted language was inherently ambiguous as to whether future accretions of military retired pay would subsequently make their way into the calculation of the final award. Boyett v. Boyett, 683 So.2d 1140, 1141 (Fla. 5th DCA 1996) (not permissible for former wife “to benefit from the former husband’s labor after the divorce”).
We hold that the lower court’s order neither fully accomplished the parties’ stated intention, nor complied with Florida *447 law, and conclude that the language requested to be inserted in the order by the Former Husband would more readily have served these purposes. Accordingly, we reverse the decision below and remand this case for inclusion of the Former Husband’s proposed language in the order appealed. We further direct that in correcting the order below, the trial court insure that it “reserve[s] jurisdiction to supervise the payments of [such] pension benefits” to the extent necessary in the future. DeLoach v. DeLoach, 590 So.2d 956, 963 (Fla. 1st DCA 1991).
Reversed and remanded with directions.