WHATLEY, Judge.
Donald A. Oglesby, the Former Husband, appeals the final judgment of dissolution of his marriage to Pamela R. Ogles- *850 by, the Former Wife. He raises several issues, but we find merit only in his argument regarding the provisions of the final judgment concerning his military pension.
The two paragraphs of the final judgment that are problematic read as follows:
11.8 The Husband shall not merge his military pension within other benefits or entitlement including disability through the Department of Veteran’s Affairs, disability retirement pursuant to Chapter 61 of Title 10, United States Code, the seeking of employment that would cause a reduction in said retirement pursuant to the “Dual Compensation Act” or by the Husband filing bankruptcy. In such event, the Husband shall pay to the Wife an amount equal to that portion of the retirement that the Wife would have otherwise received had no such reduction in the retirement occurred. The payment shall continue until the death of either party and shall be enforceable by contempt power of the Court.
11.9 The Husband shall remain an active member of the military until such time as his retirement benefits are fully vested. If the Husband voluntarily discontinues service in the military prior to obtaining full retirement benefits, Husband shall pay directly to the Wife the total sum of retirement benefits she would have otherwise received had Husband remained an active member of the military.
First, a pension is an asset subject to equitable distribution. § 61.075(5)(a)(4), Fla. Stat. (2004). Consequently, the award to the Former Wife of her share of the pension is not enforceable by contempt. See Cone v. Gillson, 861 So.2d 1210 (Fla. 2d DCA 2003); Kadanec v. Kadanec, 765 So.2d 884 (Fla. 2d DCA 2000). Paragraph 11.7 also contains an improper reference to enforcing the payment of the Former Wife’s share of the pension by contempt.
Second, a trial court does not have authority to order a party not to file bankruptcy or to remain in a certain job. Although the language of the final judgment at first mandates these requirements, it then seems to acknowledge that the Former Husband is not obligated to abide by them. Nevertheless, because of the court’s lack of authority to impose these requirements, we are troubled by their inclusion in the judgment.
Third, the Former Wife is only entitled to that portion of the Former Husband’s pension that accrued during the marriage. See Lawrence v. Lawrence, 904 So.2d 445, 446 (Fla. 3d DCA 2005) (“The Florida Supreme Court has held that the valuation of a vested retirement plan is not to include any contributions made after the original judgment of dissolution.”) (citing Boyett v. Boyett, 703 So.2d 451 (Fla.1997)). We find the phrases “until such time as his retirement benefits are fully vested,” “pri- or to obtaining full retirement benefits,” and “total sum of retirement benefits she would have otherwise received had Husband remained an active member of the military” are subject to varying interpretations and could be read to suggest otherwise.
Accordingly, we affirm the final judgment of dissolution in all respects save those provisions referenced in this opinion. We remand for further proceedings with directions consistent with this opinion.
DAVIS and WALLACE, JJ., Concur.