EVANDER, J.
The former husband appeals from an order titled “Order on Motion for Contempt.” Although the order is so titled, both parties apparently agree that the order is not an order of contempt. The former husband contends the order is, in reality, an improper amendment to a final judgment of dissolution of marriage. The former wife has taken the position that the order was actually an order granting her motion to divide proceeds from sale of residence. Regardless of how the order is characterized, it was improper.
The parties were married on October 30, 1982, and separated in July, 2002. A final hearing on the former wife’s petition for dissolution of marriage took place on April 2, 2004. For some reason, the final judgment of dissolution of marriage was not entered until August 16, 2005. To correct a scrivener’s error, an amended final judgment was entered on September 21, 2005.
The amended final judgment of dissolution of marriage provided, inter alia, that the former husband was to pay the former wife $300 per month for permanent periodic alimony commencing June 1, 2004. The parties’ assets were equitably distributed with the former husband receiving certain real property located on North Hudson Street, Orlando, Florida (Hudson Street property).[1] The amended final judgment contains a finding that the Hudson Street property had a value of $69,594. The equity in the property was $13,000. The former husband was ordered to pay the former wife her one-half share of the equity ($6,500 within “thirty (30) days from the date of signing of this order.”) The former husband was also ordered to pay the former wife $1,100 for her one-half interest in a Bank of America account. This sum was to be paid by March 22, 2005.
There was no appeal from the amended final judgment.
On October 13, 2005, the former wife filed a motion for contempt, alleging the former husband had violated the amended final judgment by failing to pay:
1) Alimony;
2) The $1,100 for the former wife’s one-half interest in the Bank of America account; and
3) The $6,500 for the former wife’s one-half interest in the equity of the Hudson Street property.
A hearing on the motion for contempt was held on February 6, 2006. The former husband did not appear at the hearing. By order dated June 9, 2006, the former husband was found in contempt for *994 his failure to pay alimony. Unfortunately, the trial court also incorrectly found the former husband to be in contempt for failing to pay the $1,100 and the $6,500. The law is well-settled that property division awards may not be enforced by contempt. Hertrich v. Hertrich, 643 So.2d 115 (Fla. 5th DCA 1994). The only remedies are those available to creditors against debtors. Veiga v. State, 561 So.2d 1335 (Fla. 5th DCA 1990).
The former husband was ordered to pay $13,300 (a sum representing the total of the former husband’s alimony arrearages and equitable distribution obligations) within 30 days. As a sanction, the former husband was also ordered to pay $1,200 of attorney’s fees to the former wife’s counsel.
On July 12, 2006, the former wife filed an amended motion for contempt, alleging the former husband had failed to comply with the court’s order of June 9, 2006.[2] On August 24, 2006, the former wife filed a motion to divide proceeds from sale of residence, alleging, inter alia,
4. That the [Former Wife] had the [Hudson Street property] valued and the real property is approximately $160,000. That the final judgment stated ‘That the wife was to receive $6,500 for her half-interest in the marital residence.’
5. That the Former Husband failed to provide the $6,500 at that time to the [Former Wife].
6. That the former Wife’s half-interest in the marital dwelling is worth more than $6,500. That the court intended for the Former Wife to receive her one-half interest in the equity in the marital home.
The motion requested the court order that the former wife receive one-half interest in the equity of the Hudson Street property.
A hearing was held on September 11, 2006, resulting in the order which is the subject of this appeal. The order required the former husband to sell the Hudson Street property “at fair market value as soon as practicable.” The net sales proceeds from the sale of the property were to be divided equally. The order further required the former husband to pay an additional $2,295 of attorney’s fees to the former wife’s counsel.
The order was erroneous for several reasons. First, although titled “Order on Motion for Contempt,” the order does not contain the findings required to be recited in a civil contempt order pursuant to Florida Rule of Family Procedure 12.615(d)(1). See also Dileo v. Dileo, 939 So.2d 181 (Fla. 5th DCA 2006). Second, as previously noted, it would be improper to find the former husband in contempt for failure to pay an equitable distribution obligation. Hertrich. Third, the trial court lacked the authority to modify the property distribution award set forth in the amended final judgment of dissolution of marriage.
At the time a judgment of dissolution of marriage becomes final, the parties’ property rights, if determined by the judgment, are fixed as a matter of law. A court may clarify what is implicit in the final judgment, and enforce the judgment. But after a final judgment is rendered, the trial court lacks jurisdiction under chapter 61 to determine property rights, unless the final judgment reserves jurisdiction for a specific purpose regarding identified property.
Encarnacion v. Encarnacion, 877 So.2d 960, 963-64 (Fla. 5th DCA 2004) (reference citations omitted).
*995 In the present case, the final judgment did not reserve jurisdiction for a specific purpose regarding identified property.
REVERSED and REMANDED.
PLEUS, C.J. and ORFINGER, J., concur.

. On appeal, the former husband contends this property is homestead property. However, the limited record before us is devoid of evidence supporting this contention.

. It appears the former husband did pay the former wife $12,501.07 on August 8, 2006.