ALTENBERND, Judge.
Alfredo Russo appeals the final judgment of dissolution of his long-term marriage to Rosa Russo. The final judgment incorporated by reference the report and recommended final judgment of the magistrate to whom the case was referred. We affirm the judgment with the exception of one sentence found in the magistrate’s report, which shall be removed from incorporation in the final judgment.
The Russos were married for nearly forty years. Apparently, for a significant *508 portion of the marriage they resided in Italy. Rosa Russo filed the petition for dissolution without the assistance of an attorney. Alfredo Russo answered in similar fashion. The matter was referred to a magistrate, who did his best to conduct a hearing without the assistance of attorneys and with two pro se litigants for whom English was a second language. The trial court entered judgment, adopting the report of the magistrate.
There were no minor children of this marriage. We conclude that the trial court did not err in adopting the magistrate’s determination that each party owned nonmarital property in Italy. We also conclude that the trial court did not err in adopting the magistrate’s division of the marital property, which was owned in Florida and North Carolina. Both parties, who are in their late fifties or early sixties, are employed. The husband is a certified automobile mechanic and has greater earning capacity than his wife. The trial court did not abuse its discretion in awarding permanent alimony of $1356 per month as recommended in the magistrate’s report and as supported by competent, substantial evidence at the hearing before the magistrate. See Perrone v. Frank, 80 So.3d 402, 404 (Fla. 4th DCA 2012).
Due to his employment in Italy during this marriage, Alfredo Russo is apparently entitled to a retirement benefit when he reaches sixty-five years of age and is no longer employed. This benefit is seemingly similar to social security. The magistrate did not receive any expert testimony concerning this benefit. The magistrate awarded half of this benefit to Rosa Russo. He ordered Alfredo Russo to file the necessary documents in Italy to accomplish this split and to pay Rosa Russo her half directly if the “plan administrator” would not pay her. This portion of the report concluded with the sentence: “Such payment is in the form of support and the remedy of contempt is available to Wife for the Husband’s failure to make the required payments.”
We conclude that the trial court did not err by adopting the magistrate’s decision to divide this benefit equally. However, from the record and from the magistrate’s report, it appears likely that this benefit is an asset that was equitably distributed. If so, contempt would not be a proper method of enforcement. See Oglesby v. Oglesby, 921 So.2d 849, 850 (Fla. 2d DCA 2006). In this opinion, we do not attempt to determine the proper method to enforce this distribution of the pension benefit. If and when this benefit becomes available, . should Rosa Russo need to obtain the assistance of the court to enforce this provision of the judgment, the court will be free to determine the proper method of enforcement at that time. On remand, the trial court shall remove the above-quoted sentence of the magistrate’s report from incorporation in the judgment of dissolution.
Affirmed in part, reversed in part, and remanded.
WALLACE and SLEET, JJ., Concur.