PER CURIAM.
John Lynch appeals a contempt order entered against him in favor of his former *1121 wife, Alice Lockyer. The order compelled Mr. Lynch to pay Ms. Lockyer money related to the equitable distribution of the parties’ assets as set forth in a post-judgment order. Although Mr. Lynch concedes that he owes Ms. Lockyer the money, he correctly argues that contempt is not the proper method of enforcement.
In the parties’ final judgment of dissolution, Ms. Lockyer was awarded fifty percent of the marital portion of Mr. Lynch’s retirement benefits through the Florida Retirement System (FRS). However, pri- or to retirement Mr. Lynch suffered a work related injury. As a result, he ultimately began receiving permanent disability benefits.
When Ms. Lockyer attempted to submit a Qualified Domestic Relations Order (QDRO) to FRS, she learned that Mr. Lynch was no longer eligible for the FRS pension because he was receiving disability benefits. The Plan Administrator further advised Ms. Lockyer that it would not accept a QDRO related to disability benefits. In turn, Ms. Lockyer filed a motion to enforce the final judgment of dissolution in an attempt to obtain the money'directly from Mr. Lynch.
In March 2012, the trial court granted Ms. Lockyer’s motion to enforce and entered an order[1] directing Mr. Lynch to pay Ms. Lockyer a portion of his disability benefits that equaled the amount of his pension he owed to her under the dissolution judgment. Mr. Lynch did not appeal the order nor did he pay Ms. Lock-yer the money due to her. Once again, Ms. Lockyer was forced to seek relief from the trial court by filing a motion for contempt. The trial court granted her motion, finding that Mr. Lynch was in arrears in the amount of $2,127.27, and that, although he had the present ability to pay, he willfully refused to do so. Such order was error.
The law is clear that an award subject to equitable distribution is not enforceable by contempt. See Williams v. Williams, 958 So.2d 992, 994 (Fla. 5th DCA 2007) (citing Hertrich v. Hertrich, 643 So.2d 115 (Fla. 5th DCA 1994)) (finding it was improper to find former husband was in contempt for failing to pay an equitable distribution obligation); see also Russo v. Russo, 129 So.3d 507, 508 (Fla. 2d DCA 2014) (citing Oglesby v. Oglesby, 921 So.2d 849, 850 (Fla. 2d DCA 2006)) (holding that contempt is not the proper method to- enforce the payment of a benefit that was equitably distributed in a dissolution judgment); Byrne v. Byrne, 133 So.3d 1082, 1084 (Fla. 4th DCA 2014) (“The, law is well-settled that contempt does not lie to enforce a property settlement arising out of a dissolution of marriage.”) (citations omitted); Pineiro v. Pineiro, 988 So.2d 686, 687 (Fla. 4th DCA 2008) (“Enforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, which prohibits imprisonment for debt.”). “The only remedies are those available to creditors against debtors.” Williams, 958 So.2d at 994 (citing Veiga v. State, 561 So.2d 1335 (Fla. 5th DCA 1990)).
Accordingly, the order finding Mr. Lynch in contempt is reversed.
REVERSED.
PALMER, BERGER and LAMBERT, JJ., concur.

. The trial court’s contempt order also rejected Mr. Lynch’s argument that the March 2012 order is void. However, Mr. Lynch does not address such ruling on appeal.