IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH STUFFT,

      Appellant,

 v.                                   Case No. 5D17-149

SHARON AULL STUFFT,

      Appellee.

_____/

Opinion filed February 23, 2018

Appeal from the Circuit Court
for Orange County,
Heather Pinder Rodriguez, Judge.

Nikie Popovich, of Popovich Law Firm, P.A.,
Orlando, for Appellant.

Pamela J. Helton, Dylan J. Hall, Barry V.
Newton, Jr. and Mary A. Joyner, of Law
Office of Pamela J. Helton, P.A., Clermont,
for Appellee.

PER CURIAM.

     Joseph Stufft ("Husband") appeals the final judgment dissolving his long-term marriage to Sharon Aull Stufft ("Wife"). Husband challenges the provision in the judgment that characterizes payments to be made by him to Wife for her one-half interest in an equitably distributed marital asset as also being "support," enforceable by contempt. Husband also contends that the trial court erred in failing to distribute the parties' unpaid

federal income tax liability. We agree with Husband on both issues, and therefore, we reverse and remand for further proceedings.

During the course of the marriage, Husband began an airbrushing business that he later sold for the sum of $250,000, to be paid to him in regular installment payments. Husband is also to receive an additional seven percent of all gross sales of the business, as well as seven percent of the sale price of the business if the business is later resold. The trial court found that the business and all sums to be paid to Husband as a result of its sale are marital property, which neither party challenges. In its final judgment, the court ordered that as part of the equitable distribution of the parties' marital assets, Husband and Wife are to "equally split" all proceeds from the sale of this "marital business," with Husband to deliver to Wife her one-half share of the proceeds within ten days of Husband's receipt of any payments from the purchaser of this business. The court further ordered that any failure by Husband to pay Wife her share of the proceeds from the sale of this marital business would result in contempt proceedings because this payment would be "considered support to Wife," despite the court having separately denied Wife's claim for alimony or spousal support.[1]

We conclude that under the circumstances of this case, the trial court erred in also characterizing Wife's equitable distribution share in the additional monies to be received from the sale of the marital business to be a form of spousal support. Moreover, because "[t]he law is clear that an award subject to equitable distribution is not enforceable by contempt," *Lynch v. Lockyer*, 180 So. 3d 1120, 1121 (Fla. 5th DCA 2015) (citing *Williams*

---

[1] The court found that Wife's current monthly income is $2400 and Husband's current monthly income is $2240. Wife has not filed a cross-appeal challenging the court's denial of her request for alimony.

2

*v. Williams*, 958 So. 2d 992, 994 (Fla. 5th DCA 2007)), the trial court erred by thereafter determining that any failure by Husband to essentially pay money to Wife for her equitable distribution of this marital asset would be enforced through contempt. If Husband does not pay Wife the monies owed to her for her share of the proceeds from the sale of the marital business, Wife's remedies are those available to creditors against debtors. *See Lynch,* 180 So. 3d at 1121 (quoting *Williams*, 958 So. 2d at 994).

As to Husband's second issue, the parties did not file federal income tax returns from 1995 through 2013 and also failed to pay their federal income taxes during this time.[2] The trial court found the parties' federal tax debt to be a marital debt and made a separate finding that Wife's testimony "of ignorance regarding the nonpayment of taxes and the non-filing of [tax] returns" was not credible. However, the court did not distribute this marital debt in its final judgment. Instead, it specifically deferred the apportionment of the income tax liability associated with the parties' unpaid taxes to the Internal Revenue Service.

"The standard of review of a trial court's determination of equitable distribution is abuse of discretion." *Coleman v. Bland,* 187 So. 3d 298, 299 (Fla. 5th DCA 2016) (quoting *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008)). We find that the trial court abused its discretion regarding its failure to distribute the federal tax liability. *See Guobaitis v. Sherrer*, 18 So. 3d 28, 32–33 (Fla. 3d DCA 2009) (holding that the trial court abused its discretion in failing to equitably distribute parties' federal tax liability; although the exact amount owed to the Internal Revenue Service was uncertain, there is no doubt

---

[2] The amount of the parties' federal income tax liability had not been determined at the time of trial.

3

that the parties' federal taxes remained unpaid and were due). The distribution of this marital debt is governed by section 61.075(1), Florida Statutes (2014), which provides, in pertinent part, that "the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors" set forth in this subsection.

Accordingly, we reverse that part of the final judgment that characterizes Wife's interest in future payments received from the sale of the marital business as spousal support and remand with directions to the trial court to enter an amended final judgment that distributes the parties' marital federal tax liability and removes any reference to the distribution of this marital asset as spousal support and the enforcement of the distribution of the proceeds from the sale of the marital business by contempt proceedings. *See Hertrich v. Hertrich*, 643 So. 2d 115, 116 (Fla. 5th DCA 1994) (affirming a final judgment of dissolution of marriage but striking from the judgment an erroneous provision threatening to enforce an equitable distribution obligation through the trial court's contempt powers).

REVERSED in part; and REMANDED with directions.

COHEN, C.J., and LAMBERT, J., concur.
EISNAUGLE, J., concurs in part and dissents in part, with opinion.

4

EISNAUGLE, J., concurring in part, dissenting in part.

I would not reach the contempt issue because it is not ripe. *See Nathanson v. Rishyko*, 140 So. 3d 1054, 1055 (Fla. 4th DCA 2014) (holding that the district court lacked jurisdiction to review a contempt order where no sanction was imposed); *see also Diaz v. Citizens Prop. Ins. Corp.*, 227 So. 3d 735, 736 (Fla. 3d DCA 2017) ("[W]e are without jurisdiction to address the portion of the appeal relating to attorney's fees. This is so because no amount has been fixed by the trial court and the part of the final judgment that finds entitlement thereto is not ripe for our review."); *Mills v. Martinez*, 909 So. 2d 340, 342 (Fla. 5th DCA 2005) (holding that determination of entitlement to attorney's fees without setting amount was non-final, interlocutory order even though it was included in a final judgment). I otherwise concur.